*1014 HAMILTON, Senior Circuit Judge,
concurring specially:
I concur in the judgment and in Parts I, II, and 111(b) of the court’s opinion. I write separately to state that I would affirm the district court’s entry of summary judgment in favor of Peter Sharp (Sharp) with respect to the Bank’s § 523(a)(2)(A) claim on a different ground.
I would affirm the judgment below with respect to the Bank’s § 523(a)(2)(A) claim on the authority of Blackwell v. Dabney, 702 F.2d 490 (4th Cir.1983) and Engler v. Van Steinburg, 744 F.2d 1060 (4th Cir. 1984). Under these precedents, Sharp’s misrepresentations in his loan application documents and the title abstract as to the encumbered status of the Maryland property constituted statements respecting his financial condition, and thus, plainly fall outside the scope of 11 U.S.C. § 523(a)(2)(A). In relevant part, such statutory section provides that a Chapter 7 debtor cannot discharge a debt obligation obtained by “false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor’s ... financial condition.” Id. (emphasis added).
In Blackwell, the debtor had guaranteed loans to his corporation, Studio-1, which guarantee obligations the debtor sought to discharge in bankruptcy. Blackwell, 702 F.2d at 491. The creditor testified that she relied on misrepresentations by the debtor that the business “ ‘was growing’ ” and was a “ ‘top-notch company’ ” that was “ ‘just blooming’ ” and other similar statements. Id. at 492. Of relevance in the present appeal, we held the creditor could not invoke § 523(a)(2)(A) to avoid discharge, because all of the debtor’s oral misrepresentations “were essentially statements concerning the financial condition of Studio-1,” and therefore, fell outside the scope of § 523(a)(2)(A). Blackwell, 702 F.2d at 492.
In Engler, the debtor, during loan negotiations with the creditor, had falsely stated that the property he offered as security for the loan was completely unencumbered. Engler, 744 F.2d at 1060. We held that the creditor could not prevail upon his § 523(a)(2)(A) claim, because the debtor’s false statement that he owned the property free and clear of other liens “is a statement respecting his financial condition,” and therefore, fell outside the scope of § 523(a)(2)(A). Engler, 744 F.2d at 1061. Notably, in Engler, we specifically rejected the concept that “a statement respecting the debtor’s financial condition means a formal financial statement, such as a typical balance sheet or a profit and loss statement, and not a statement that specific collateral is owned free of other encumbrances.” Id. at 1060. In so rejecting, we reasoned as follows:
Coneededly, a statement that one’s assets are not encumbered is not a formal financial statement in the ordinary usage of that phrase. But Congress did not speak in terms of financial statements. Instead, it referred to a much broader class of statements — those “respecting the debtor’s ... financial condition.” A debtor’s assertion that he owns certain property free and clear of other liens is a statement respecting his financial condition. Indeed, whether his assets are encumbered may be the most significant information about his financial condition.
Id. at 1060-61.
Under Blackwell and Engler, Sharp’s misrepresentations in his loan application documents and the title abstract as to the encumbered status of the Maryland property constituted statements respecting his financial condition, and thus, plainly fall outside the scope of § 523(a)(2)(A). On this basis alone, I would affirm the district court’s affirmance of the bankruptcy *1015 court’s entry of judgment in favor of Sharp with respect to the Bank’s § 523(a)(2)(A) claim.
The Bank contends that the Supreme Court’s decision in Field v. Mans, 516 U.S. 59, 71, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) overruled Blackivell and Engler by holding the phrase “a statement respecting the debtor’s or an insider’s financial condition,” as found in § 523(a)(2)(A), pertained only to classic financial statements. The Bank’s contention is without merit.
The Supreme Court granted certiorari in Field solely “to resolve a conflict among the Circuits over the level of reliance that § 523(a)(2)(A) requires a creditor to demonstrate.” Field, 516 U.S. at 63, 116 S.Ct. 437. Ultimately, the Court held “that § 523(a)(2)(A) requires justifiable, but not reasonable, reliance.” Field, 516 U.S. at 74-75, 116 S.Ct. 437. While some reasoning by the Court in Field to explain this holding can arguably be extrapolated to support the narrow interpretation of the financial condition phrase the Bank espouses, such a situation falls far short of constituting Supreme Court precedent upon which we can solely rely to hold that Blackwell and Engler are no longer good law. Until the Supreme Court or an en banc panel of this court overrules the holdings of Blackwell and Engler, they remain good law, and I would rely upon them to resolve the Bank’s § 523(a)(2)(A) claim presently before us. See McMellon v. United States, 387 F.3d 329, 334 (4th Cir. 2004) (en banc) (concluding “that when there is an irreconcilable conflict between opinions issued by three-judge panels of this court, the first case to decide the issue is the one that must be followed, unless and until it is overruled by this court sitting en banc or by the Supreme Court”).